(Case No. 4833

CLARENCE G. KIRBY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1979.*

GILLESPIE BURKE & GILLESPIE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

The complaint in this case was originally filed on July 23, 1958, and was reassigned for decision on May 5, 1977. For reasons not disclosed in the file, it has not been disposed of previously.

Claimants filed a complaint seeking an award in the amount of of $20,000.00 for alleged negligence of

the Secretary of State in failing to comply with the requirements of the Motor Vehicle Law of the State of Illinois.

The facts of the case are not in dispute and are set forth in Claimants' brief, substantially as follows:

On May 16, 1955, John V. Glanders, a resident of Macoupin County, Illinois, was convicted in the County Court of Macoupin County, Illinois, of the offense of driving while intoxicated, in violation of Section 47 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat., ch. 95½, Sec. 144. The report of conviction was forwarded by the Clerk of the County Court of Macoupin County, Illinois, to the Secretary of State of the State of Illinois, and received on May 19, 1955, and the Secretary of State in accordance with the aforementioned Section of the Uniform Act Regulating Traffic on Highways did on May 21, 1955, revoke the operator's license of the said John V. Glanders and notice of revocation was sent to John V. Glanders on May 24, 1955.

Thereafter, John V. Glanders did on May 15, 1957, at Carlinville, Illinois, make written application to the Secretary of State of the State of Illinois for re-instatement of his operator's license and in the application disclosed that his operator's license had been suspended, revoked or cancelled, and on the same date Glanders took the Illinois Driver's examination from Otto C. Burkett, an employee of the Secretary of State of the State of Illinois, who was on said date employed as a Driver's License Inspector in Carlinville, Ill. Burkett permitted Glanders to take the examination and passed him without a letter of authorization from the Driver's License Division of the Secretary of the State of Illinois, as required by law. It was disclosed to Burkett at the time of the examination, and is so indicated on the examination report, that the license of Glanders had been revoked in 1954 at the County Court of Macoupin County, Illinois, for driving while intoxicated. Burkett forwarded the Glanders papers to Springfield without any explanation or notation explaining any of the circumstances relating to the circumstance of this case.

On May 24, 1957, operator's license No. A4-227-515 was issued to John V. Glanders by the Drivers License Division of the Secretary of State at Springfield, Illinois, although there was no letter of authorization for a reinstatement examination attached to the examination report and license application as required by law. At the time it was issued there had not been established by Glanders any proof of financial responsibility by any of the methods permitted by law, and the Secretary of State of the State of Illinois was not only without authority to issue the license but was expressly prohibited from issuing a license. On July 19, 1957, John V. Glanders, while driving under the influence of intoxicating liquor willfully and wantonly drove a motor vehicle in a northerly direction along and upon the southbound lanes of U.S. Highway 66 for approximately 20 miles, and at a point approximately three miles south of the City of Springfield, County of Sangamon, State of Illinois, he caused his motor vehicle to come into collision with a motor vehicle being driven by the Claimant, Clarence G. Kirby. As a

result of this accident, John V. Glanders was killed. Clarence G. Kirby was injured, his wife, Vernon A. Kirby, was killed, and Joyce Kirby and Helen Kirby, minor children of Clarence and Vernon Kirby, received injuries. At the time of the accident, John V. Glanders has not as yet satisfied the requirements of the financial responsibility law of the State of Illinois.

On June 12, 1958, an action was instituted in the United States District Court for the Southern District of Illinois, Southern Division, by Clarence G. Kirby, Helen Kirby, a minor, by Clarence G. Kirby, her father and next friend, Joyce Kirby, a minor, by Clarence G. Kirby, her father and next friend, and Clarence G. Kirby, Administrator of the Estate of Vernon A. Kirby, Deceased, said action being brought against Martha Lucille Glanders, Administrator of the Estate of John V. Glanders, Deceased, said cause being docketed as Civil Action No. 2525. On July 9, 1958, the cause in the United States District Court came on for hearing and the Court having heard evidence in open court found that John V. Glanders, while under the influence of intoxicating liquors, did willfully and wantonly inflict injuries upon the Claimants and caused the death of Vernon A. Kirby and entered the following judgments:

| | |
|---|---|
| Clarence G. Kirby | $ 7,500.00 |
| Helen Kirby, a minor, by Clarence G. Kirby, her father & next friend | 1,000.00 |
| Joyce Kirby, a minor, by Clarence G. Kirby, her father & next friend | 10,000.00 |
| Clarence G. Kirby, Administrator of the Estate of Vernon A. Kirby, deceased | 20,000.00 |

each of said judgments being entered against Martha Lucille Glanders, Administrator of the Estate of John V. Glanders, deceased.

Execution was duly issued by the Clerk of the United States District Court and served by the United States Marshal, but returned on July 10, 1958, endorsed "No property found, no payment made, no part satisfied."

The Estate of John V. Glanders is insolvent, there being absolutely no assets. John V. Glanders, at the time of the occurrence on July 19, 1957, did not possess any automobile liability insurance, nor was there any automobile liability insurance covering the motor vehicle he was operating."

The Claimants' theory of the case is that the provisions of the financial responsibility statute, was enacted for the benefit of the traveling public in general, and without reference to any specific person, claim or accident.

Respondent denied liability on the grounds that the error of the Secretary of State was not the approximate cause of the injuries for which the State must respond.

Claimants concede that the action of the Secretary of State had no casual relation to the collision that occurred on July 19, 1957, but argue that the only issue presented to this Court for consideration is the construction of, and Claimants rights if any, under the motor vehicle laws of this State.

The pertinent sections of the motor vehicle law that must be considered by this Court are as follows:

Illinois Rev. Stat., Ch. 95½, Sec. 144, 1953.
PERSONS UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR NARCOTIC DRUGS.

(b) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than two days nor more than one year, or by fine of not less than $100.00 nor more than $1,000.00 or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than one year, and, in the discretion of the Court, a fine of not more than $1,000.00.

The Secretary of State shall revoke the chauffeur's license of any person convicted under this section. As amended by act approved June 24, 1953.

Illinois Rev. Stat., Ch. 95½, Sec. 73-3, 1955.
GROUNDS FOR REVOCATION OF LICENSE OR PERMIT, RESTRICTED DRIVING PERMIT.

Except as hereinafter provided, the Secretary of State shall forthwith revoke the license or permit of any operator or chauffeur upon receiving a report of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final:

(2) Violation of Sec. 47 of the Uniform Act Regulating Traffic on Highway relating to the offense of operating a motor vehicle while under the influence of intoxicating liquor or narcotic drugs.

Illinois Rev. Stat., Ch. 95½, Sec. 58b, 1955.
PROOF OF FINANCIAL RESPONSIBILITY REQUIRED AFTER REVOCATION SUSPENSION OF DRIVING PRIVILEGES.

(b) Upon the revocation of any operator's or chauffeur's license of any person as provided in Section 33 or 34 of the "Drivers License Act," the

Secretary of State shall suspend any and all of the registration certificates and license plates issued for any motor vehicle registered in the name of the person as owner except that he shall not suspend such evidences of registration in the event such owner has previously given or shall immediately give him and thereafter maintain for a period of three years, proof of financial responsibility in the manner hereinafater specified in this Act with respect to each and every motor vehicle owned and registered by such person. The suspension of such certificates of registration and license plates of such person shall remain in effect and the Secretary of State shall not issue to any such person any new or renewal of operator's or chauffeur's license and shall not register or re-register in the name of such person any motor vehicle until permitted under this Act and not then unless and until said person gives proof of his financial responsibility in the future as hereinafter provided in Section 42-5 of this Act. If any person who is not a resident of this State has been convicted of an offense which would require the revocation of the license of a resident, such non-resident shall not operate any motor vehicle in this State nor shall any motor vehicle owned by him be operated within this State by any person, and the Secretary of State shall not issue to such non-resident any operator's or chauffeur's license and shall not register any motor vehicle owned by such non-resident unless and until such non-resident shall give proof of financial responsibility.

Whenever the Secretary of State determines that any person required to give proof hereunder by reason of a conviction is not the owner of a motor vehicle but was, at the time of such conviction a chauffeur or operator in the employ of an owner of a motor vehicle, or a member of the immediate family or household of the owner of a motor vehicle, the Secretary of State shall accept proof of financial responsibility given by such owner in lieu of proof given by such other person so long as such latter person is operating a motor vehicle for which the owner has given proof as herein provided.

The Secretary of State shall designate the restrictions imposed by this section on the fact of such person's operator's or chauffeur's license. No such license shall be reinstated or any new license issued until otherwise permitted under this Act. As amended by act approved July 16, 1953."

## Illinois Rev. Stat., Ch. 95½, Sec. 58E, 1955.
## PROOF OF FINANCIAL RESPONSIBILITY, HOW MADE

Proof of financial responsibility shall mean proof of ability to respond in damages for any liability thereafter incurred resulting from the ownership, maintenance, use of operation of a motor vehicle, for bodily injury or to death of any one person in the amount of $10,000.00, and subject to said limit for any one person injured or killed, in the amount of $20,000.00, for bodily injury to or death of two or more persons in any one accident and for damage to property in the amount of $5,000.00, resulting from any one accident. Such proof in said amounts shall be furnished for each motor vehicle registered by every person required to furnish such proof.

Proof of financial responsibility when required under this Act, may be given by the following alternate methods: either by proof that a policy or

policies or liability insurance have been obtained and are in full force and effect, or that a bond has been duly executed or that deposit has been made of money or securities all as hereinafter provided.

In addition to the foregoing sections of the Statute, the Drivers License Act of 1953, as amended, provides under #73.10 that the Secretary of State shall administer the provisions of the Act and make and enforce all rules and regulations. Accordingly, the Secretary of State established a form, described as D. L. Form, D.C. C12A, which is in effect, a letter of authorization which permits a person whose license has been revoked, to take a driving examination for the purpose of obtaining a license according to the rules and regulations of the department. This letter cannot be issued until the applicant has complied with the proof of financial responsiblity under Section 58E of the Act.

It does not appear that our Courts have construed these sections of the Statute, and the basic question presented to this Court is whether or not the financial responsibility law is a statutory indemnity act, whether it be in the form of insurance, cash or securities, that must be maintained by the Secretary of State for the benefit of the public.

Claimants argue that our Courts, in construing the "Illinois Truck Act," which requires compulsory insurance, found that the legislation was enacted for the benefit of the traveling public. This theory we are unable to adopt.

It is not suggested that Glanders was acting in any manner for the Respondent, and it is therefore clear that he alone is responsible for the act causing such injuries. No action on behalf of Respondent was the proximate cause of the injuries upon which this action is based.

This Court has repeatedly held that before the State becomes liable it must be shown that the negligence on the part of the State was the proximate cause of the accident. *Clark v. State, 30 Ill.Ct.Cl. 32, and O'Hearn v. State, 30 Ill.Ct.Cl. 564.* In fact, Claimants admit that the proximate cause of their injuries was the negligence of John V. Glanders.

Claimants contend that they have been denied a fund from which they could have recovered if the financial responsibility provisions of the statute had been enforced against John V. Glanders. It is clear from the record that John V. Glanders had driven on the highways while his license was revoked and that he was convicted of that charge on March 19, 1956.

Respondent had no connection with the presence of John V. Glanders upon the highway at the time of the accident in which he died and in which the injuries complained of were received by Claimants.

The Respondent should not be held responsible for damages for the failure of persons driving upon the highways to comply with the financial responsibilities provision of the Statutes of the State of Illinois. To so hold would make the Respondent an insurer against accidents. It has been repeatedly held by this Court that the Respondent is not an insurer against accidents upon its highways. *Grant v. State, 21 Ill.Ct.Cl. 563; Beenes v. State, 21 Ill.Ct.Cl. 83; Gray et al v. State, 21 Ill.Ct.Cl. 521; Joiner v. State, 22 Ill.Ct.Cl. 213; Ohms v. State, 30 Ill.Ct.Cl. 410; and Turkin v. State, 30 Ill.Ct.Cl. 416.*

It is true that if John V. Glanders had not been on the highways, this particular accident would not have occurred, but it is our opinion that the State of Illinois should not be held liable because of the wrongful acts of John V. Glanders.

The claims of Clarence G. Kirby, Helen Kirby, Joyce Kirby, and Clarence G. Kirby, Administrator of the estate of Vernon A. Kirby, deceased, are denied.